UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL URIAS, | ) No. CV 17-07688-R (DFM) |
| Petitioner, | ) ORDER TO SHOW CAUSE |
| v. | ) |
| SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS, | ) |
| Respondent. | ) |

On October 16, 2017, Michael Urias ("Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Eastern District of California. See Dkt. 1 ("Petition") at 1. Pursuant to 28 U.S.C. § 2241(d), the Petition was transferred to this Court. See Dkt. 3.

For the reasons discussed below, Petitioner is ORDERED TO SHOW CAUSE in writing within 28 days of the service of this Order why the instant petition should not dismissed with prejudice because it is time barred and/or because the Court lacks jurisdiction over it.

///

A.  **State Court Proceedings**

According to the California Court of Appeal website, Petitioner's challenged conviction occurred in August 1999 in Los Angeles County Superior Court (No. BA173513). See California Courts, Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov ("Appellate Cts. Case Information"). The state appellate court affirmed his conviction in February 2001 (No. B134600). Id. The California Supreme Court denied review on April 25, 2001 (No. S096224). Id. Petitioner does not appear to have filed a petition for writ of certiorari with the United States Supreme Court. Petition at 2.[1]

On October 3, 2001, Petitioner filed a state petition for writ of habeas corpus in the California Court of Appeal (No. B153407). See Appellate Cts. Case Information. That court denied the petition on October 24, 2001. Id. Petitioner filed two more state petitions for writs of habeas corpus in the California Court of Appeal on December 1, 2008 (No. B212379) and on November 8, 2012 (No. B2450001). See id. None of these three prior state habeas petitions filed in the California Court of Appeal raised the issue of the trial court's imposition of the $3,000 fine at issue in the instant case. See Petition at 12-13.

On July 6, 2016, the California trial court heard and denied Petitioner's Request for Consideration Re: Modification of Sentence, which claimed that "the imposition of a $3000.00 restitution fine [was] erroneous and improper based upon an inability to pay." Id. at 9. On August 2, 2016, Petitioner filed a petition for writ of habeas corpus on this issue in the California Court of Appeal, and, in a two-page opinion, the state appellate court denied that petition on October 17, 2016. See id. at 12-13. On September 13, 2017, the California Supreme Court summarily denied Petitioner's further appeal and

---

[1] All citations to the Petition use the CM/ECF pagination.

noted that "courts will not entertain habeas corpus claims that are untimely" and those "that could have been, but were not, raised on appeal." Id. at 15.

**B.    Timeliness of the Petition**

   **1.    The Petition Is Facially Untimely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's petition for review on April 25, 2001. See Appellate Cts. Case Information (No. S096224). Petitioner does not appear to have filed a petition for writ of certiorari in the United States Supreme Court. See Petition at 2. Therefore, his conviction became final 90 days later, on July 24, 2001. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). If the Court assumes July 24, 2001, is the date Petitioner's limitation period began to run, Petitioner had one year from the date his judgment became final, or until July 24, 2002, to timely file a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until October 16, 2017, over 15 years too late. The Petition is thus facially untimely.

   **2.    The Petition Does Not Entitle Petitioner to Any Later Trigger Date**

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under 28 U.S.C. §§ 2244(d)(1)(B), (C), or (D). He does not assert that he was impeded from filing his federal petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). Nor are his claims based on a federal constitutional right that

3

was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See id. § 2244(d)(1)(C). Finally, Petitioner has been long aware of the underlying factual predicate of his claim—that is, his alleged inability to pay the $3,000 restitution fine imposed on him by the state trial court in 1999. See Petition at 7, 9, 12-13; 28 U.S.C. § 2244(d)(1)(D); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying claims, not when he realized their "legal significance"). Petitioner is thus not entitled any later trigger date under 28 U.S.C. § 2244(d)(1).

### 3. The Petition Does Not Suggest Any Entitlement to Statutory Tolling

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, as long as that period is "reasonable." Id. Periods of up to 60 days are generally presumptively reasonable. See Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding unexplained six-month delay unreasonable compared to "short periods of time," such as 30 to 60 days, "that most States provide for filing an appeal to the state supreme court" (alteration omitted)).

As previously discussed, Petitioner's limitation period began running on July 24, 2001, when Petitioner's conviction became final under 28 U.S.C. §

4

2244(d)(1)(A). While the exact date Petitioner filed his first state habeas corpus petition in Los Angeles County Superior Court is unclear, the California Court of Appeal issued its denial of that petition on October 24, 2001. See Appellate Cts. Case Information (No. B153407). Assuming Petitioner immediately filed his initial state habeas corpus petition once his conviction became final on July 24, 2001, and assuming that Petitioner is entitled to statutory tolling for the entire 93-day period from July 24 to October 24, 2001, the AEDPA limitation period was extended to October 24, 2002.

It does not appear Petitioner had his second state habeas corpus petition heard until 2008. See Petition at 3; Appellate Cts. Case Information (No. B212379); The Superior Court of California, County of Los Angeles, Criminal Case Summary, http://lacourt.org/criminalcasesummary/ui ("LASC Criminal Case Summary") (No. BA173513). While Petitioner does not disclose when he initiated his second habeas corpus petition in the state trial court, even assuming Petitioner filed his petition one full year in advance of his scheduled hearing on the same—a generous timeline by any measure—the over five-year gap between the California Court of Appeal's denial of his first habeas corpus petition and Petitioner's filing of his second habeas corpus petition still substantially exceeds the 30 to 60 days the Supreme Court has identified as a "reasonable" gap for tolling. See Evans 546 U.S. at 201 (refusing to apply tolling to an unexplained 6-month gap). Absent any explanation for the long delay, Petitioner is not entitled to gap tolling for that period or to any additional statutory tolling. See Stewart v. Cate, 757 F.3d 929, 935-37 (9th Cir. 2014) (as amended) (unexplained 100-day gap unreasonable); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state

petition was filed.").[2]

### 4. Equitable Tolling

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has noted that its "sparing application of the doctrine of equitable tolling" is consistent with the Pace standard. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

"Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted, alteration in original). Consequently, equitable tolling is justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of

---

[2] The Court acknowledges that The Superior Court of California, County of Los Angeles, Criminal Case Summary website for case No. BA173513 also notes a "Motion" hearing that occurred on May 3, 2002. See LASC Criminal Case Summary (No. BA173513). This Court understands the May 3, 2002, hearing to be distinct from a "Habeas Corpus Petition" hearing, which is explicitly so labeled on the case summary. See id. The Court further notes that even if the May 3, 2002, hearing were for a habeas corpus petition, the instant Petition still would not be subject to statutory tolling since over 4.5 years will likely have passed from the May 3 hearing and Petitioner's filing of a further habeas corpus petition several years later.

demonstrating by a preponderance of the evidence that AEDPA's limitation period should be equitably tolled. See Pace, 544 U.S. at 418; Holt v. Frink, No. 15-01302, 2016 WL 125509, at *4 (N.D. Cal. Jan. 12, 2016) (collecting cases).

Here, Petitioner has not addressed his failure to file in a timely manner or contended that he took any action before the AEDPA limitation period expired. Thus, Petitioner fails to demonstrate that he pursued his rights diligently.

## C.  Jurisdiction

"The federal habeas statute gives United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (citation omitted); see also 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in custody" requirement is jurisdictional and is thus "the first question" courts must consider when evaluating a federal habeas corpus petition. Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010).

Construing § 2254(a)'s "in custody" requirement, the Supreme Court "has recognized that its purpose is to permit petitions only when the remedy sought is capable of alleviating severe restraints on individual liberty." Id. at 980.

> The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use

7

> has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

Hensley v. Mun. Court, 411 U.S. 345, 351 (1973). "[T]he imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements." Bailey, 599 F.3d at 979 (noting that liability under a restitution order is "like a fine-only conviction" and "is not a serious restraint . . . on liberty as to warrant habeas relief" (quoting Tinder v. Paula, 725 F.2d 801, 805 (1st Cir. 1984))).

In Bailey v. Hill, the Ninth Circuit held that a challenge to a restitution order by a custodial state prisoner who does not challenge the lawfulness of his custody under federal law is insufficient for jurisdiction under the federal habeas statute 28 U.S.C. § 2254. See id. at 979-80. There, the petitioner did not dispute that his custody in itself, or its conditions, offended federal law; rather, he challenged only the restitution order by seeking "the elimination or alteration of a money judgment" through his petition for habeas corpus. See id. at 978, 981. Noting that § 2254(a) commands that courts entertain habeas petitions "only" on the ground that a prisoner is "in custody <u>in violation of the Constitution or laws or treaties of the United States</u>," the Ninth Circuit held that the district court lacked jurisdiction over the petitioner's challenge to the restitution order because the petition "lack[ed] any nexus, as required by the plain text of §2254(a), to his custody." Id. at 981. The Ninth Circuit thus concluded that "§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence." Id. at 982.

Bailey appears to be dispositive here. The Petition alleges two grounds for federal habeas corpus relief under § 2254(a). See Petition at 4. Both of these grounds pertain only to the trial court's imposition of a restitution fine. See id. ("[1] The trial court when sentencing me imposed an illegal and improper

restitution fine . . . [2] The trial court imposed an illegal sentence . . . the trial court imposed improper restitution on me."). Like in <u>Bailey</u>, Petitioner does not contend that his custody in itself, or its conditions, violate federal law; he merely asks this Court to "reduce" the amount of his restitution. <u>Id.</u> at 4, 7. Because federal "courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a restitution order," this Court lacks the requisite jurisdiction to hear Petitioner's claims.

**D.    Conclusion**

A district court has the authority to raise the statute of limitations issue <u>sua sponte</u> when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that or other grounds under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that within 28 days of the service of this Order, Petitioner show cause in writing why the Court should not dismiss this action with prejudice because it is time barred and/or because the Court lacks jurisdiction over it. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." He may submit any other evidence he deems appropriate to support his claim for tolling.

///
///
///
///
///

9

**Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.**

Dated: November 15, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge