|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | CENTRAL DISTRICT OF CALIFORNIA | |
| | WESTERN DIVISION | |

| | |
|---|---|
| MICHAEL URIAS, | No. CV 17-07688-R (DFM) |
| Petitioner, | |
| | ORDER SUMMARILY |
| v. | DISMISSING PETITION |
| SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

On October 16, 2017, Michael Urias ("Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Eastern District of California. See Dkt. 1 ("Petition") at 1.[1] Pursuant to 28 U.S.C. § 2241(d), the Petition was transferred to this Court. See Dkt. 3. The Petition alleged that "the imposition of a $3000.00 restitution fine [was] erroneous and improper based upon an inability to pay." Petition at 9.

On November 15, 2017, the Magistrate Judge ordered Petitioner to show

---

[1] Citations herein use the pagination provided by CM/ECF.

cause why the Petition should not be dismissed because it is time-barred and because the Court lacks jurisdiction over it. See Dkt. 6 ("OSC"). Specifically, the Magistrate Judge observed that the Petition was facially untimely because the deadline to file a habeas petition in this Court was July 24, 2002, but Petitioner did not file the instant Petition until October 16, 2017, over 15 years later. See OSC at 3. The Magistrate Judge also found that Petitioner was not entitled to any later trigger date under 28 U.S.C. §§ 2244(d)(1)(B)-(D) or to any statutory tolling remedy, since at least over five years likely passed between the California Court of Appeal's denial of Petitioner's first petition for habeas corpus and the filing of his second. See OSC at 4-6; Evans v. Chavis, 546 U.S. 189, 201 (2006) (refusing to apply tolling to an unexplained 6-month gap). The Magistrate Judge further noted that Petitioner cannot avail himself to relief under equitable tolling without any explanation as to why he failed to file his Petition in a timely manner or to take any action before the AEDPA limitation period expired. See OSC at 6.

On the issue of jurisdiction, the Magistrate Judge observed that the Petition alleged two grounds for federal habeas relief under 28 U.S.C. § 2254(a), both of which pertained only to the trial court's imposition of a restitution fine. See OSC at 8-9. Discussing at length the Ninth Circuit's ruling in Bailey v. Hill, 599 F.3d 976 (9th Cir. 2010), the Magistrate Judge concluded that this Court lacks jurisdiction over the Petition because Petitioner's lone request that the Court "reduce" the amount of his restitution lacks the requisite "nexus" to his custody so as to confer jurisdiction under § 2254(a). See OSC at 7-9; Bailey, 599 F.3d at 981-82 ("§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence."). Thus, the Magistrate Judge issued an order to show cause and permitted Petitioner 28 days from the filing thereof to explain why the Court should not dismiss this action with prejudice because it is time-barred

and/or because the Court lacks jurisdiction over it.

On December 1, 2017, Petitioner filed a response to the OSC. <u>See</u> Dkt. 7 ("Response"). In it, Petitioner states that he first became aware of the restitution order in 2016 through his "prison jailhouse lawyer" at that time. Response at 2. Upon discovery of the restitution order, Petitioner claims he "instantly filed a motion and Habeas Petition" in state court. <u>See</u> <u>id.</u> at 3. Petitioner further contends that "during trial court sentencing, and previous appeals and petition(s)[,] he had no knowledge"—nor did his counsel at that time inform him—of his right to have a hearing on his ability to pay the restitution fine. Response at 4, 7. Had he known of his right, Petitioner claims, he would have raised his challenges to the imposed restitution fines earlier. <u>See</u> Response at 8.

Despite Petitioner's new factual arguments on the issue of timeliness, Petitioner still has not shown how this Court has jurisdiction to hear his claim under 28 U.S.C § 2254(a). The Ninth Circuit has made clear that the "in custody" requirement is the "first question" courts must consider when evaluating a federal habeas corpus petition. <u>Bailey</u>, 599 F.3d at 978-79; <u>see also</u> <u>Hensley v. Mun. Court</u>, 411 U.S. 345, 351 (1973) (noting that habeas corpus relief is reserved only for "severe" restraints on individual liberty). Yet Petitioner nowhere explains how the trial court's imposition of an "illegal and improper restitution fine" on him has the requisite legal "nexus" to his custody. <u>See</u> Petition at 4; <u>see also</u> <u>Bailey</u>, 599 F.3d at 981 ("[T]he imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements."). Because both of Petitioner's grounds for federal habeas corpus relief under § 2254(a) pertain solely to the state trial court's imposition of a restitution fine, and not to the lawfulness under federal law of Petitioner's custody itself, this Court lacks the requisite jurisdiction to hear Petitioner's

claims.[2] As such, the Petition must be dismissed. See Bailey, 599 F.3d at 978-79.

**ORDER**

IT IS THEREFORE ORDERED that this action be summarily dismissed with prejudice for the reasons stated in the Magistrate Judge's November 15, 2017, Order to Show Cause and herein.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 8, 2018

MANUEL L. REAL
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[2] Because the issue of jurisdiction is dispositive of the Petition, the Court declines to address the merits of Petitioner's timeliness argument at this time. See Bailey, 599 F.3d at 978 ("Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider.'") (citation omitted).